MICHAEL BRADY, complainant, et al., respondents,

*v.*

CARTERET REALTY COMPANY, defendant-appellant.

[Argued November 21st, 1913.   Decided March 16th, 1914.]

1. The act "to compel the determination of claims to real estate in certain cases and to quiet the title to the same" (*Comp. Stat. p. 5399*) confers jurisdiction on the court of chancery to award possession of the lands involved in a suit to a defendant who is .found entitled to the same.

2. A decree pursuant to said act which determines that a defendant is entitled to possession may be enforced by writ of assistance.

3. A decree in a suit under said act that the defendant has an estate in fee-simple absolute in described lands, and that the complainant has no estate or interest therein. involves and includes a determination that the defendant is entitled to possession thereof.

On appeal from an order advised by Vice-Chancellor Stevenson, whose opinion is reported in *81 N. J. Eq. (11 Buch.) 86; S. C., 66 N. J. Eq. (21 Dick.) 243; 67 N. J. Eq. (1 Robb.) 641; 68 N. J. Eq. (2 Robb.) 55; 70 N. J. Eq. (4 Robb.) 748; 72 N. J. Eq. (2 Buch.) 904.*

*Mr. Gilbert Collins,* for the appellant.

*Mr. Linton Satterthwaite (Ephraim Cutter* on the brief), for the respondents.

The opinion of the court was delivered by

PARKER, J.

The complainant filed a bill under the statute (*Comp. Stat. p. 5399*) to quiet title to land of which he was in peaceable possession under claim of ownership, and the final decree in the suit, which was appealed and affirmed by this court (*72 N. J. Eq. [2 Buch.] 904*), adjudged that the respondent, Carteret

Realty Company, "has an estate in fee-simple absolute in said lands of which the complainant is in possession" (describing them), and it was "further ordered, adjudged and decreed that the said complainant has no estate or interest in the said lands."

The questions now raised are whether this decree had the effect of an adjudication that the realty company were entitled to the possession of the land, whether such an adjudication is supported by the statute, and also whether the court of chancery can and should award process to put said company into possession or leave it to an action of ejectment.

The matter came before the vice-chancellor on a petition for a writ of assistance. It appeared that the respondents Thomas J. Brady and Charles Brady claimed only under Michael Brady, and so introduced no obstacle by way of an independent title, but were properly brought in by the petition. *Blauvelt* v. *Smith, 22 N. J. Eq.* (7 *C. E. Gr.*) *31.*

The vice-chancellor refused the writ. As will appear by his opinion (*81 N. J. Eq.* [*11 Buch.*] *86*), he held that in a proper case under the act, and when the question of right to possession was distinctly raised by proper pleadings, the court of chancery has jurisdiction to award possession to a defendant found entitled to it, and to enforce its decree by writ of assistance, but that in the present case such right of possession was neither claimed in the answer nor adjudged by the decree; and that an adjudication of title, simply, does not *ipso facto* carry the right of possession. He denied the relief upon the further ground that after the decree the company had brought suit in ejectment against the Bradys, who had filed the statutory plea of not guilty, and upon the refusal of the supreme court to strike out that plea as sham, had discontinued the suit. This refusal to strike out the plea he treated as throwing sufficient doubt upon the question of the right of possession to require a refusal of the writ.

We do not think that the action of the supreme court had any fair bearing on the question before the vice-chancellor. That court merely refused to strike out a plea alleged to be sham. It did not even assign any reason for its refusal, and was not required to do so, as its action on such a motion is purely discretionary and not subject to review. *Practice act, 1903,* § *111;*

*Mershon* v. *Castree, 57 N. J. Law (25 Vr.) 484; Key* v. *Paul, 61 N. J. Law (32 Vr.) 133; Brown* v. *Warden, 44 N. J. Law (15 Vr.) 177.* An examination of the affidavits shows that the decree was not laid before the court, but merely referred to in the moving affidavit; and that the motion was resisted on the sole ground of outstanding claims by strangers, a ground which may or may not have been open in the ejectment, but certainly was not open before the court of chancery if the decree settled the right of possession. And, *non constat,* but that if the company had gone to trial in the ejectment and offered its decree, the court would and should have directed a verdict in its favor.

This action of the supreme court, however, was manifestly not the main reliance of the vice-chancellor, but rather the omission, as he judged it, from the answer and decree, of the question of right to possession. We consider that his view of the scope of the record was altogether too narrow. He seems to have considered that when the decree adjudged that defendant had an estate in fee-simple absolute and that Brady had no estate whatever, the decree settled the title but not the right of possession (*81 N. J. Eq.* [*11 Buch.*] *89*) as though one was distinct or separable from the other. But we are unable to take this view. Blackstone translates Coke's definition of "title" (*2 Bl. 194*) as "the means whereby the owner of lands hath the just possession of his property;" and analyzes a complete title as including the three elements of possession, right of possession, and right of property. But Lord Coke's Latin seems to have a different shade of meaning. He says (*1b.*) *Titulus est justa causa possidendi id quod nostrum est; i. e.,* the lawful reason for possessing what is ours. And this is the sense in which it is used in the Justices' Court act with reference to pleas of title, and in the act on which this suit is based, so far at least as relates to the defendant, viz., the right of property and right of possession as distinct from the naked possession. It is the sense in which a plaintiff recovers on the strength of his own title in ejectment, as against one actually in possession. So, in *Campfield* v. *Johnson, 21 N. J. Law (1 Zab.) 83, 85,* Chief-Justice Green, in a trespass case from a justice's court wherein title was pleaded, quoting again from Coke, says:

"Title is when a man hath lawful cause of entry into lands whereof another is seized. It signifies the means whereby a man comes to his lands or tenements. The word title includes that right, but is the more general word."

And proceeded to add:

"Title is generally applied to signify the right to land and real effects. It is the right of possession or of property in lands, as distinguished from the actual possession, and it is in precisely · this sense that the word appears to have been used in the statute under consideration." . (Justices' Court act.) And in this very case, Chancellor Magie, in discussing what had taken place at the trial of the issue before the jury, said (*68 N. J. Eq.* [*2 Robb.*] *57*) :

"The issue directed was in respect to the right of possession to some thirteen acres of land in Middlesex county. The realty company was the plaintiff and Brady was the defendant in the issue. At the trial the company proved a paper title to the *locus in quo* and rested. Brady then produced evidence tending to show that he had acquired title * * * by adverse possession."

That the chancellor was plainly right may be seen from a glance at the act itself. It is called "An act to compel the determination of claims to real estate, and to quiet the title to the same." And the very first section begins by saying that when any person is in peaceable possession of lands claiming to own the same and his title (*i. e.,* his right to his possession) is denied or disputed, he may file a bill in chancery to settle the title to said lands, &c. Any defendant answering and claiming any estate or interest shall specify such interest * . * * and set out the same through which such title * * * is claimed to be derived. An issue at law may be directed, and the court shall in conclusion finally settle and adjudge whether the defendant has any estate, interest or right in or encumbrance on the lands. "The final determination and decree in such suit shall fix and settle the rights of the parties in said lands and the same shall be binding and conclusive on all parties to the suit." (Section 6.) Now, when it is considered that the filing of such a bill and its determination by the chancellor or by an issue of law

thereon correspond, so far as the trial and proofs are concerned, to an action of ejectment to which the party out of possession is forced by the party in possession, on pain of the former's claim being adjudged a nullity, and in which he has to bear the burden of proof (*Ocean View Land Co.* v. *Loudenslager, 78 N. J. Eq.* [*8 Buch.*] *572, 573*), it would seem reasonably plain that a decree pursuant to the act and based on a verdict as for the plaintiff in an ejectment, adjudging that as between the land company and Brady that the company had a fee-simple absolute in the lands and Brady no estate or interest therein, had settled the conflicting claims of the parties, including the right of possession, about as fully as they could be settled in a court of law. It was so held in a somewhat similar case by the supreme court of the United States. *Root* v. *Woolworth, 150 U. S. 401, 402, 412.*

Holding, then, as we do, that the act confers jurisdiction on the court to award possession to a defendant, and that the present decree is so broad in its terms as necessarily to cover such award, we agree with the vice-chancellor that a court that has power to make a decree must of necessity have power to enforce it. In *Bartholomew* v. *Lutheran Congregation, 35 Ohio · St. 567,* there was a bill to quiet title and a decree restoring possession to the defendant which the court said would be enforced by injunction. Authorities on the precise point are very scanty, and the statutory provisions vary. But the propriety of the practice of enforcing by writ of assistance or writ of possession, as it is sometimes called, a decree that expressly or by clear implication adjudicates a right of possession, is indicated in such decisions in our own state as *Schenck* v. *Conover, 13 N. J. Eq.* (*2 Beas.*) *220,* and *Beatty* v. *DeForest, 27 N. J. Eq.* (*12 C. E. Gr.*) *482;* and elsewhere in *Gormley* v. *Clark, 134 U. S. 338;* *Harding* v. *Fuller, 141 Ill. 308, 30 N. E. Rep. 1053,* and the old case of *Kershaw* v. *Thompson, 4 Johns. Ch. 609.* Other cases are collected in *4 Cyc. 290.*

The order brought up will be reversed and the record remitted to the court of chancery with directions to proceed upon the application for writ of assistance according to the usual practice of the court in such cases. The appellant is entitled to costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, White, Heppenheimer—9.