## J. A. SHINGLETON v. STATE OF NORTH CAROLINA AND NORTH CAROLINA WILDLIFE RESOURCES COMMISSION.

(Filed 20 November 1963.)

**1. Easements § 1—**

An easement appurtenant is incident to and exists only in connection with a dominant estate owned by the same person, and passes with the title to the dominant estate; an easement in gross is a mere personal interest or right to use the land of another, is not appurtenant to any estate and attaches only to the person, and ends with the death of the owner of the easement.

**2. Same—**

Whether a deed creates an easement appurtenant or in gross must be determined by a construction of the language of the contract to ascertain the intention of the parties aided, if necessary, by the situation of the parties and the surrounding circumstances, and an easement which in its nature is appropriate and a useful adjunct of land owned by the grantee of the easement, in the absence of a showing that the parties intended a mere personal right, will be declared an easement appurtenant, regardless of the form in which such intention is expressed.

**3. Same—**

The fact that the words "heirs and assigns" are not entered after the name of the grantee of an easement is not controlling in determining whether the easement granted is an easement appurtenant or in gross. G.S. 39-1.

**4. Same— Deed held to convey easement appurtenant and not merely in gross.**

Suit involving dispute between plaintiff and the Wildlife Resources Commission in regard to the ownership of certain lands was settled by an

agreement under which plaintiff conveyed to the State a portion of the land in dispute and the State conveyed to plaintiff a portion, and thereafter a consent judgment was entered reciting generally the execution and delivery of the deeds, the payment of a sum of money by the State in settlement, and the action was dismissed. The State's conveyance was by quitclaim deed to plaintiff, his heirs and assigns and, after the description, provided that the State reserved the right to use the roads existing on the tract conveyed and that plaintiff was granted the right to use roads existing on the other lands of the Commission for the purpose of ingress and egress by the most direct route. *Held:* The easement granted was an easement appurtenant and not in gross.

5. **Easements § 8—**

An easement will ordinarily be construed to embrace all uses which are reasonably necessary and convenient in connection with the enjoyment of the dominant estate not only for those purposes to which it is devoted at the time of the grant but also those to which it may thereafter be reasonably devoted, without unnecessarily burdening the servient estate.

6. **Same—**

The grant of an easement appurtenant for ingress and egress to lands owned by the grantee, in the absence of a showing that the lands of the grantee were used for business purposes, does not embrace the right of ingress and egress by the public generally, but only to the grantee, his agents, servants, employees and licensees, and it is no violation of the grantee's rights that he be required to give permission to those who use the easement in connection with the use and enjoyment of the dominant estate.

7. **Easement § 6; State § 4—**

In an action under the Declaratory Judgment Act to construe an easement granted by the State, judgment may not be entered enjoining the State and its employees from interfering with the easement as defined by the court, since no action may be maintained against the State or any agency thereof in tort or to restrain the commission of a tort.

8. **State § 4; Public Officers § 9—**

A public officer, even though he assumes to act under the authority and pursuant to the direction of the State, may be held personally liable by an individual whose rights are invaded by such officer in disregard of law.

9. **State § 4; Courts § 3—**

Controversy between an individual and the State as to the extent of an easement granted to the individual by the State may be made the basis of a suit against the State in the Superior Court under the Declaratory Judgment Act, since such suit involves title to realty within the purview of G.S. 41-10.1.

APPEAL by defendants from *Parker, J.,* April-May 1963 Session of PENDER.

Action to construe the easement provisions of a deed under the Declaratory Judgment Act, G.S., Ch. 1, Art. 26.

*Isaac C. Wright and George Rountree, Jr., for plaintiff.*
*Attorney General Bruton (by Parks H. Icenhour, Real Property Attorney); Corbett & Fisler; and White and Aycock for defendants.*

MOORE, J.  The State of North Carolina owns a large body of land in Pender County, known as the Holly Shelter Wildlife Area. It is managed by the North Carolina Wildlife Resources Commission. No public roads or highways adjoin or cross any portion of the Wildlife Area involved in this action. The roads within the area are owned by defendants and used in connection with wildlife management.

There was a dispute between defendants and plaintiff Shingleton with respect to the ownership and location of certain lands within the boundaries of the Area. A suit was instituted, but before trial a compromise settlement was reached. Pursuant to the compromise agreement, plaintiff herein conveyed to the State a portion of the land in dispute and the State deeded to Shingleton a portion. After these deeds were executed and delivered, a consent judgment was entered reciting generally the execution and delivery of the deeds, the payment of a sum of money by the State, and the satisfactory settlement of the matters in controversy, and the action was dismissed.

The said conveyance by the State to plaintiff herein was by quitclaim deed. It conveyed to J. A. Shingleton and "his heirs and assigns" 110 acres situate in Topsail Township, Pender County. This land is described by metes and bounds, and lies entirely within, and a considerable distance from, the boundaries of the Wildlife Area. Immediately below the description are the following easement provisions:

"The party of the first part reserves from this conveyance the right to maintain and use the roads existing on the above described lands; and the said J. A. Shingleton is hereby granted the right to use the roads existing on other lands of the Wildlife Resources Commission for the purpose of ingress and egress to and from the above described lands by the most direct route."

The present controversy "arose when the plaintiff's (J. A. Shingleton's) brother and other kinsmen were attempting to go over (the) road in question which leads from the public road through the Wildlife Refuge of the defendants by the most direct route to the plaintiff's land and . . . defendants placed a locked gate at the entrance to the road in question and mounted armed guards to keep out all persons except plaintiff."

Plaintiff contends the right-of-way granted him by the State is an easement appurtenant. Defendants contend it is an easement in gross and may be used and enjoyed only by J. A. Shingleton personally. J. A. Shingleton instituted the present action to have determined his rights under the grant of easement, and makes allegations which, he contends, entitles him to injunctive relief.

Trial by jury was waived and the judge made findings of fact and conclusions of law and entered judgment. It was adjudged that the easement granted by the State to the plaintiff "is an unlimited easement appurtenant to plaintiff's land, given to plaintiff for his use and the use of his agents, servants, employees, licensees, and the public generally who have not been refused permission to use the easement by the plaintiff," and "that the defendants, their agents, servants and employees . . . are enjoined from interfering by gate or otherwise with the use of said easement or road as herein provided."

An appurtenant easement is one which is attached to and passes with the dominant tenement as an appurtenance thereof; it is owned in connection with other real estate and as an incident to such ownership. An easement in gross is not appurtenant to any estate in land and does not belong to any person by virtue of his ownership of an estate in other land, but is a mere personal interest in or right to use the land of another; it is purely personal and usually ends with the death of the grantee. *Davis v. Robinson*, 189 N.C. 589, 127 S.E. 697. An easement appurtenant is incapable of existence apart from the particular land to which it is annexed, it exists only if the same person has title to the easement and the dominant estate; it must bear some relation to the use of the dominant estate, and it must agree in nature and quality to the thing to which it is claimed to be appurtenant. An easement appurtenant is incident to an estate, and inheres in the land, concerns the premises, pertains to its enjoyment, and passes with the transfer of the title to the land, including transfer by descent. 17A Am. Jur., Easements, ss. 9, 11, pp. 624, 625, 627. If an easement is in gross there is no dominant tenement; an easement is in gross and personal to the grantee because it is not appurtenant to other premises. *Ibid*, pp. 626-7. An easement in gross attaches to the person and not to land. 89 A. L. R. 1189.

The easement in the instant case is by deed, which is of course a contract. "The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made, and to do this consideration must be given to the purpose to be accomplished, the subject-matter of the contract, and the situation of the parties." *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717,

127 S.E. 2d 539. "If there is any doubt entertained as to the real intention, we should reject that interpretation which leads to injustice and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results." *Patrick v. Insurance Co.,* 176 N.C. 660, 97 S.E. 657; *Hine v. Blumenthal,* 239 N.C. 537, 547, 80 S.E. 2d 458. "Whether an easement is appurtenant or in gross is controlled mainly by the nature of the right and the intention of the parties creating it, and must be determined by the fair interpretation of the grant . . . creating the easement, aided if necessary by the situation of the property and the surrounding circumstances. If it appears from such a construction of the grant . . . that the parties intended to create a right in the nature of an easement in the property retained for the benefit of the property granted, . . . such right will be deemed an easement appurtenant and not in gross, regardless of the form in which such intention is expressed. On the other hand, if it appears from such a construction that the parties intended to create a right to be attached to the person to whom it was granted . . . , it will be deemed to be an easement in gross. An easement is appurtenant to land, if it is so in fact, although it is not declared to be so in the deed or instrument creating it; and an easement, which in its nature is appropriate and a useful adjunct of land owned by the grantee of the easement, will be declared an 'easement appurtenant,' and not 'in gross,' in the absence of a showing that the parties intended it to be a mere personal right." 28 C. J. S., Easements, s. 4c, pp. 636-7. In case of doubt, an easement is presumed to be appurtenant, and not in gross. 17A Am. Jur., Easements, s. 12, p. 628.

Defendants contend that the easement of ingress and egress granted by them is in gross and personal to J. A. Shingleton. The grant does not use the term "appurtenant" nor the term "in gross." It does not qualify plaintiff's right by use of such terms as "personally" or "in person." The language of the grant is that "the said J. A. Shingleton is hereby granted the right . . ." The fact that the words "heirs and assigns" are not inserted after the name of the grantee does not control interpretation. G.S. 39-1; 28 C. J. S., Easements, s. 4c, p. 637. Defendants insist that the consent judgment indicates that the easement was a right personal to plaintiff. We do not so interpret it. The consent judgment makes no direct reference to the easement, it merely refers to the deed from the State to plaintiff. The only writing bearing upon the question is the provision in the deed. It will be observed that the deed, in addition to the grant of easement to the plaintiff, reserves the right to the State to "Maintain and use the roads existing on" the land conveyed to plaintiff. We do not understand that defendants con-

tend that the roads across plaintiff's 110-acre tract can be used only by the individual members of the Wildlife Resources Commission and that the agents, servants, employees and licensees of the Commission are excluded. Yet the reservation and the grant are written in parallel modes of expression. It seems clear that the reservation of easement is appurtenant to the lands retained by the State. In the absence of express provision in the grant restricting the easement to the personal use of plaintiff, the presumption is that it is an easement appurtenant to plaintiff's 110-acre tract. Moreover, the situation of the property and the surrounding circumstances indicate beyond question that an easement appurtenant was intended. The original controversy, in the settlement of which the deed was given, arose from conflicting claims of rights and title to lands. The record does not disclose that plaintiff has ever claimed any personal rights, apart from land ownership, in the Wildlife Area. The deed conveys to plaintiff a tract of land which, without some adequate access over defendants' lands, would be completely cut off from any public or private road. The grant of easement was so clearly connected with the conveyance of the 110-acre tract that in the deed it follows immediately the description of the land. The words "ingress" and "egress" as used in the grant of easement show clearly it was intended that the easement is connected with and is to be used for the benefit of the land. The road in question is appurtenant to the land in fact, and leads from the land across the Wildlife Area to the public road beyond. Apart from the ownership of the 110-acre tract, the easement is worthless. If plaintiff did not own this land he would have no business or interest of any kind within the Wildlife Area. The land was conveyed to plaintiff in fee. It is not reasonable to conclude that the State would undertake to grant and plaintiff to accept a right of access to land which would end at the death of plaintiff and render the land thereafter inaccessible and worthless. Furthermore, it is not reasonable to suppose that plaintiff could, acting alone, cut and remove timber from his land or cultivate, harvest and remove crops, or make other beneficial use of the land. Certainly the parties did not intend that plaintiff's heirs, devisees or assigns should have no access to the property. We hold that the easement granted by the State to plaintiff is appurtenant to plaintiff's land described in the deed.

The court below adjudged that the State granted "an unlimited easement appurtenant to plaintiff's land . . . for his use and the use of his agents, servants, employees, licensees, and the *public generally* who have not been refused permission to use this easement by plaintiff." In our opinion the record in this case does not show that the general public should be permitted to use the road. "It is an established principle

that the unrestricted grant of an easement gives the grantee all such rights as are incidental or necessary to the reasonable and proper enjoyment of the easement. A grant . . . of an easement in general terms is limited to a use which is reasonably necessary and convenient and as little burdensome to the servient estate as possible for the use contemplated. An unlimited conveyance of an easement is in law a grant of unlimited reasonable use. Such grant is not restricted to use merely for the purposes of the dominant estate as are reasonably required at the date of the grant, but the right may be exercised by the owners of the dominant estate for any use to which the latter estate may be subsequently devoted. Thus there may be an increase in the volume and kind of use of such an easement during the course of its enjoyment." 12A Am. Jur., Easements, s. 113, pp. 720, 721. "The reasonable use and enjoyment of an easement is to be determined in the light of the situation of the property and the surrounding circumstances." What is a reasonable use is a question of fact. *Ibid.*, p. 721.

In determining what uses of the easement are reasonably necessary and convenient, consideration must be given to the purposes for which the easement was granted. *Sparrow v. Tobacco Co.*, 232 N.C. 589, 61 S.E. 2d 700. The owners of the servient estate may make any use of their property and road not inconsistent with the reasonable use and enjoyment of the easement granted. *Light Co. v. Bowman*, 229 N.C. 682, 51 S.E. 2d 191. The easement was granted for the purpose of ingress and egress to and from plaintiff's 110-acre tract of land. The ingress and egress must have some relation, directly or incidentally, to the actual use of the land by the owner. The record is silent as to what use is being made of the land, but it is safe to assume that in its position of isolation it is not being used for any business which would reasonably require that the general public have access thereto. It is suggested in plaintiff's brief that it is timberland or farmland. Plaintiff has made no showing which justifies the use of the easement by the general public. Furthermore, defendants are maintaining a wildlife refuge on the lands over which the road passes. Access by the general public is inimical to the maintenance of such refuge. It is no violation of plaintiff's rights under his easement that he be required to give permission to those who travel the road in connection with the use and enjoyment of the dominant estate. The words "and the public generally who have not been refused permission to use this easement by the plaintiff," will be stricken from the judgment below.

The court below decreed "that the defendants, their agents, servants and employees, be, and they are hereby enjoined from interfering by locked gate or otherwise with the use of said easement or road as here-

in provided." This portion of the judgment is not sustained. The owner of property cannot maintain an action against the State or any agency of the State in tort for damages to property (except as provided by statute, G.S., Ch. 143, Art. 31). It follows that he cannot maintain an action against it to restrain the commission of a tort. However, the landowner is not without a remedy. When public officers whose duty it is to supervise and direct a State agency attempt or threaten to invade the property rights of a citizen in disregard of law, they are not relieved of responsibility by the immunity of the State from suit, even though they act or assume to act under the authority and pursuant to the directions of the State. *Schloss v. Highway Commission,* 230 N.C. 489, 492, 53 S.E. 2d 517. In the instant action none of the officers or agents of the State are parties. And even if they were parties, it should be borne in mind that the plaintiff in the use of the road in question may not impose unnecessary and unreasonable burdens upon the servient tenement. In the light of the meagre facts presented by the record, it would seem that defendants' officers would be acting within defendants' rights in intercepting and questioning users of the road to ascertain their identity and status, and to determine whether they have permission for such use, and in preventing them from molesting or taking game, wildlife or trees from the lands of defendants, should such be attempted. Furthermore, the maintenance of a gate, even a locked gate, would not necessarily be inconsistent with plaintiff's rights so long as the use of the road by himself and his agents, servants, employees and licensees is not unreasonably interfered with thereby. We are not called upon on this appeal to promulgate rules for the guidance of the parties. But reasonable men can most certainly arrive at an understanding that will protect the rights of all.

Defendants demur *ore tenus* to the complaint on the ground that the superior court is without jurisdiction of the subject-matter of this action. They contend that the State has not consented to be sued in an action such as that alleged. The demurrer is overruled. G.S. 41-10.1, in pertinent part, provides that "Whenever the State of North Carolina or any agency or department thereof, asserts a claim of title to land which has not been taken by condemnation and any individual . . . likewise asserts a claim of title to said land, such individual . . . may bring an action in the superior court . . . against the State or any such agency or department thereof for the purpose of determining such adverse claims."

An easement is an interest in land and is generally created by deed. *Weyerhaeuser Co. v. Light Co., supra; Morganton v. Hudson,* 207 N.C. 360, 177 S.E. 169; *Combs v. Brickhouse,* 201 N.C. 366, 160 S.E. 355. An

easement appurtenant to property is property. *Williams v. Highway Commission,* 252 N.C. 772, 114 S.E. 2d 782. A private right-of-way is an easement and is land. *United States v. Welch,* 217 U.S. 333 (1910). Every right to land is a title. If a person has the actual or constructive possession of property, or the right of possession, he has a title thereto, though another person may be the owner. *Roberts v. Wentworth,* 59 Mass. 192 (1849); *Brady v. Cartaret Realty Co.,* 90 A. 257 (N.J. 1914). In the instant case there are adverse claims of title to land.

The judgment below will be modified in accordance with this opinion.

Modified and affirmed.