## KELLER v. COCHRAN

[108 N.C. App. 783 (1993)]

JOSEPH W. KELLER, III, Plaintiff v. HAZEL A. COCHRAN and DAVID S. WHITE and wife, JEAN C. WHITE, Defendants

No. 9129DC1070

(Filed 2 February 1993)

**Rules of Civil Procedure § 11 (NCI3d)— reasonable use of right of way—question of fact—no Rule 11 violation**

The trial court improperly imposed sanctions under N.C.G.S. § 1A-1, Rule 11 against plaintiff where defendants had begun to clear and excavate for a retaining wall upon a portion of plaintiff's property subject to a right of way for ingress and egress to defendants' property. Whether a specific use of an easement constitutes a reasonable use is a question of fact and plaintiff presented evidence which would support the conclusion that there were several alternate methods by which defendants' easement could be kept reasonably accessible. Plaintiff's pleadings were sufficiently grounded in law and fact and there was no sufficient basis to support the finding that plaintiff brought this action in bad faith.

**Am Jur 2d, Courts § 82.**

Appeal by plaintiff from order entered 17 June 1991 in Transylvania County District Court by Judge Robert S. Cilley. Heard in the Court of Appeals 18 November 1992.

Plaintiff and defendants own adjacent tracts of real property located in Brevard, North Carolina. Defendants own a forty-foot wide right-of-way for purposes of ingress and egress across plaintiff's property to defendants' property. Defendants' right-of-way runs north for several car lengths, then angles left by about 55 degrees. The right-of-way had a slope, being higher on its west side than its east side. Also, the entrance of the right-of-way was higher than its interior portion. In December of 1988, in an effort to deal with the sideways slope, defendants began to clear and excavate plaintiff's property subject to the right-of-way and prepared to erect a retaining wall upon plaintiff's property.

On 20 December 1988, plaintiff filed a complaint seeking to permanently restrain defendants from excavating upon plaintiff's land and from constructing any structure. The defendants filed an answer and counterclaim and made a motion for Rule 11 sanc-

tions. The court had granted plaintiffs a temporary restraining order, but after a hearing found that the defendants should not be restrained from the construction which they had undertaken and dissolved most of the terms of the temporary restraining order.

After a trial on the merits, the jury returned a verdict for the defendants, finding that plaintiff had wrongly interfered with defendants' use and enjoyment of their right-of-way and awarding defendants actual and punitive damages. Following entry of judgment on the jury's verdict, defendants renewed their motion for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. On 17 June 1991, Judge Cilley found that plaintiff had violated Rule 11 and sanctioned plaintiff ordering plaintiff to pay defendants' attorney fees in the amount of $6,547.73. Plaintiff gave notice of appeal. Only the order finding a violation of Rule 11 and awarding sanctions is appealed.

*Prince, Youngblood, Massagee & Jackson, by Sharon B. Ellis and Roy D. Neill, for plaintiff-appellant.*

*Ramsey, Hill, Smart, Ramsey & Pratt, P.A., by Michael K. Pratt and Angela M. Skerrett, for defendants-appellees.*

WELLS, Judge.

The sole issue of this appeal is to determine whether the trial court committed reversible error when it found plaintiff in violation of N.C. Gen. Stat. § 1A-1, Rule 11 of the North Carolina Rules of Civil Procedure and imposed a sanction. The trial court's decision to grant or deny motions to impose sanctions under Rule 11 is "reviewable *de novo* as a legal issue." *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989). A pleading violates Rule 11 if (1) it is not "well grounded in fact," (2) it is not "warranted by existing law or [by] a good faith argument for the extension, modification, or reversal of existing law" or (3) it is interposed for an "improper purpose." Rule 11 of the North Carolina Rules of Civil Procedure.

In North Carolina, it is an established principle that the possessor of an easement has all rights that are necessary to the reasonable and proper enjoyment of that easement. *Shingleton v. State*, 260 N.C. 451, 133 S.E.2d 183 (1963) (*quoting* 12A Am. Jur., Easements, s. 113, pp. 720, 721). "[A]n easement in general terms is limited to a use which is reasonably necessary and convenient

**KELLER v. COCHRAN**

[108 N.C. App. 783 (1993)]

and as little burdensome to the servient estate as possible for the use contemplated." *Id.* Whether a specific use of an easement constitutes a reasonable use is a question of fact and is not a matter of law. *Id.*

Because the determination of reasonable use is a question for a fact-finder, plaintiff's attempt to limit defendants' use of their easement is well-founded in law, if plaintiff presented competent evidence which could lead a reasonable fact-finder to determine that defendants' excavations and construction of a retaining wall do not constitute a reasonable use of the easement. Although the jury in this case determined that the construction of the restraining wall was, in fact, a reasonable use, Rule 11 sanctions would not be appropriate unless it can be said that the evidence dictated a finding of reasonableness as a matter of law.

At trial, plaintiff presented evidence which would support the conclusion that there were several alternative methods by which defendants' easement could be kept reasonably accessible. The evidence showed that the uneven slope could have been corrected by either excavation or fill and that, while some approaches offered more benefits than others, the access could have been made or kept accessible without the construction of a retaining wall. While the jury found the construction of the retaining wall to be a reasonable approach to maintaining use of the right-of-way, the existence of other less obtrusive options established that a valid issue of fact existed and that the plaintiff was not in violation of Rule 11 when he pursued this case.

Therefore, we hold that it was error for the trial court to reach the conclusion that plaintiff's pleadings were not well grounded in fact or warranted by existing law.

Having found plaintiff's pleadings to be sufficiently grounded in law and fact, we discern no sufficient basis in the record to support the finding that plaintiff brought this action in bad faith. We therefore hold that plaintiff's pleadings were not interposed for an improper purpose.

The trial court's imposition of Rule 11 sanctions are

Reversed.

Judges EAGLES and LEWIS concur.