BEE TREE MISSIONARY BAPTIST CHURCH, BY AND THROUGH ITS TRUSTEES, PLAINTIFF-APPELLANT V. RODERICK DANIEL McNEIL AND WIFE, SELENA BITTLE McNEIL, DEFENDANTS-APPELLEES

No. COA01-1479

(Filed 5 November 2002)

**Collateral Estoppel and Res Judicata— collateral estoppel— validity of easement**

The trial court did not err by granting summary judgment in favor of defendants on the issue of the validity of an easement based on collateral estoppel, because: (1) the issue of the existence of the easement was previously litigated and is the same issue challenged by plaintiff in this action; (2) defendants are successors-in-interest to the plaintiff in the prior action; (3) there is nothing in the record to indicate that this was only a personal easement; and (4) the easement and its location in the existing roadway are sufficiently described.

Appeal by plaintiff from judgment entered 27 March 2001 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 11 September 2002.

*Mary E. Arrowood for plaintiff-appellant.*

*Adams Hendon Carson Crow & Saenger, P.A., by George W. Saenger, for defendants-appellees.*

WALKER, Judge.

On 29 January 1951, Laurence and Mary Howie deeded to Herman and Frances Morgan real property located in Buncombe County, together with a "10 ft. rightof [sic] way" that ran through plaintiff's property. This deed was recorded on 4 April 1951.

On 24 August 1995, Frances Morgan deeded a portion of the subject property to Kerry Waddell, together with a perpetual non-exclusive right to use a right-of-way through plaintiff's property connecting to a public road. The deed was recorded on 13 September 1995.

Also in 1995, Morgan and Waddell brought an action against plaintiff in Buncombe County District Court (95 CVD 4572) to enforce their easement across plaintiff's property. In that case, the trial court entered judgment in 1997 and determined that Morgan had been deeded a "right of way across the property of [plaintiff], along the route as shown on Plaintiff's survey map, Defendants' Exhibit 14, which is attached hereto and made a part hereof."

On 30 July 1999, Waddell deeded to defendants a portion of the property deeded to him by Morgan on 24 August 1995, together with:

> non-exclusive appurtenant easements and rights of way for ingress, egress and regress . . . which easements and rights of way are described in 1867, at Page 267 of the Buncombe County, North Carolina Register's Office and in that certain Order as set forth in that certain civil action file bearing File No. 95-CVD-4572 of the Buncombe County Clerk of Court's Office.

Subsequently, plaintiff filed this action alleging defendants do not have an easement across plaintiff's property. After hearing evidence and arguments of counsel, the trial court entered summary judgment in favor of defendants.

Summary judgment is proper when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Coastal Leasing Corp. v. T-Bar Corp.*, 128 N.C. App. 379, 496 S.E.2d 795 (1998). A defendant,

as the moving party, bears the burden of showing that no triable issue exists. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992). A defendant may meet this burden by showing that plaintiff cannot surmount an affirmative defense. *Id.* at 63, 414 S.E.2d at 342. Once a defendant has met this burden, plaintiff must forecast evidence tending to show that a *prima facie* case exists. *Id.*

Defendants contend that plaintiff is collaterally estopped by the 1997 judgment from challenging the validity of the easement. For collateral estoppel to bar plaintiff's action, defendants must show: (1) the earlier action resulted in a final judgment on the merits, (2) the issue in question is identical to an issue actually litigated in the earlier suit, (3) the judgment on the earlier issue was necessary to that case and (4) both parties are either identical to or in privity with a party or the parties from the prior suit. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428-29, 349 S.E.2d 552, 557 (1986); *King v. Grindstaff*, 284 N.C. 348, 355, 200 S.E.2d 799, 805 (1973); *Shaw v. Eaves*, 262 N.C. 656, 661, 138 S.E.2d 520, 525 (1964).

Here, the 1997 judgment determined that Morgan had been granted an easement by deed over the property of the plaintiff, which is the same property in this action. Additionally, determination of the easement was necessary and essential to the prior case.

The first issue in the prior litigation was whether Morgan was "granted an easement over the land of [plaintiff], by deed." The deed referred to was the 1951 deed which reserved a ten-foot easement to Herman and Frances Morgan. As successors-in-interest, defendants only claim the ten-foot easement as determined by the 1997 judgment. Thus, the issue of the existence of the easement previously litigated is the same issue challenged by plaintiff in this action.

Plaintiff contends the parties to the prior litigation are not the same as in this action. However, this argument is without merit as defendants here are successors-in-interest to the plaintiff in the prior action.

Plaintiff further argues that the easement determined by the 1997 judgment was personal to Morgan and not transferable, and thus there is no privity between Morgan and defendants. A personal right-of-way or easement-in-gross, "is not appurtenant to any estate in land and does not belong to any person by virtue of his ownership of an estate in other land, but is a mere personal interest . . . and usually

ends with the death of the grantee . . . ." *Shingleton v. State*, 260 N.C. 451, 454, 133 S.E.2d 183, 185 (1963). However, "an easement appurtenant is incident to an estate" and passes with transfer of that estate. *Id.* at 454, 133 S.E.2d at 185-86. In the absence of evidence to the contrary, an easement that is a "useful adjunct of land owned by the grantee of the easement, will be declared an 'easement appurtenant,' and not 'in gross,'. . . ." *Id.* at 455, 133 S.E.2d at 186, *citing* 28 C.J.S. Easements § 4c, pp. 636-37. Moreover, "[i]n case of doubt an easement is presumed to be appurtenant . . . ." *Id., citing* 17A Am. Jur., Easements, § 12, p. 628.

Here, the easement determined in the 1997 judgment was for the benefit of a right-of-way to and from the Morgan estate and for Morgan's successors-in-interest. There is nothing in the record to indicate that this was only a personal easement in favor of Morgan. Because of the successive relationship defendants are in privity with Morgan. Thus, defendants have met the requirements to be able to successfully assert collateral estoppel thereby preventing plaintiff from re-litigating the validity of this easement.

Finally, plaintiff argues that the easement was not properly described in the deed from Waddell to defendants nor in the 1997 judgment. However, where the description of the easement is "sufficient to serve as a pointer or guide to ascertainment of the location of the land" the description will not fail for vagueness. *Allen v. Duvall*, 311 N.C. 245, 249, 316 S.E.2d 267, 270 (1984), *quoting Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942); *see also King v. King*, 146 N.C. App. 442, 552 S.E.2d 262 (2001). Upon examining the 1951 deed, the 1997 judgment, and the accompanying survey, it appears the easement and its location in the existing roadway are sufficiently described, notwithstanding an erroneous reference to a thirty-foot easement in the Morgan to Waddell deed.

In summary, we affirm the trial court's granting of summary judgment in favor of defendants.

Affirmed.

Judges McGEE and THOMAS concur.