An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance
with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-907
NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

NEAL C. PETRI
    Plaintiff,

v.

                                      Macon County

BANK OF AMERICA, N.A. and
BANK OF AMERICA, N.A. S/B/M
To Countrywide Bank, FSB
& BROCK AND SCOTT, PLLC
    Defendants.

Macon County
No. 12 CVS 805

Appeal by plaintiff from order entered 10 April 2013 by Judge James U. Downs in Macon County Superior Court. Heard in the Court of Appeals 7 January 2014.

    *Attorney David R. Payne, for plaintiff.*

    *McGuire Woods L.L.P., by Lauren B. Loftis, for defendant.*

    ELMORE, Judge.

    Neil C. Petri (plaintiff) appeals from an order entered on 10 April 2013 granting Bank of America, N.A.'s (defendant) motions to dismiss plaintiff's complaint with prejudice. After careful consideration, we affirm the trial court's order.

**I. Facts**

On 6 May 2004, plaintiff executed a deed of trust and promissory note (note) to receive a mortgage from Luxury Mortgage Corporation (Luxury) to assist in the purchase of a home (the property) located at 651 Viewpoint Road in Highlands. In 2009, Brock & Scott, P.L.L.C. (Brock), the substitute trustee in the foreclosure action, notified plaintiff that it had begun foreclosure proceedings on the property due to plaintiff's default on the mortgage loan. Plaintiff believed that his loan was held with Luxury, but Brock's letter indicated that "the creditor to whom the debt [was] owed [was defendant]." Thereafter Brock filed a Notice of Hearing on 23 June 2009 for a special proceeding before the Macon County Clerk of Court. Pursuant to N.C. Gen. Stat. § 45-21.16(d), the Clerk of Court entered an order allowing the foreclosure, and plaintiff appealed *de novo* to Macon County Superior Court with a "PETITION TO CANCEL FORECLOSURE SALE" (the petition). Plaintiff argued that defendant was not the true holder of the note authorizing a right of foreclosure. Superior Court Judge Marvin P. Pope, Jr. (Judge Pope) disagreed, finding that on or prior to 9 March 2006, Luxury transferred the note to Countrywide Bank, N.A., which eventually merged with defendant. Judge Pope also found that the note was in the continuous possession of defendant

since 9 March 2006. On 12 March 2012, he entered an order concluding that "[e]ach element of N.C. Gen. Stat. § 45-21.16 [had] been satisfied" because (a) defendant was the holder of valid debt (the note); (b) plaintiff defaulted on his mortgage payments; (c) defendant had the right to foreclose under the debt note; and (d) proper notice was given to all entitled persons. Accordingly, Judge Pope allowed Brock to "complete the foreclosure." Nothing in the record indicates that plaintiff appealed Judge Pope's order.

On 29 November 2012, plaintiff filed a complaint (the complaint) to enjoin the foreclosure, assert agency and negligent non-disclosure, and allege unfair and deceptive trade practices (UDTPA) by defendant. In response, defendant filed a motion to dismiss plaintiff's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction to the extent that those claims "attempted to invoke the trial court's jurisdiction" to enforce a federal consent judgment. Defendant also filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In its motion, defendant argued that the complaint was barred by *res judicata*. After a hearing on the motions, Judge Downs entered an order on 10 April 2013 granting defendant's motions to dismiss

plaintiff's complaint with prejudice. Plaintiff filed timely notice of appeal on 17 April 2013 to this Court from Judge Down's order.

## II. Analysis

### a.) Jurisdiction

Plaintiff argues that the trial court erred in granting defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, we fail to reach the merits of this issue on appeal.

The North Carolina Rules of Appellate Procedure "are mandatory and . . . failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citations omitted). Rule 28(b)(6) states that "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C.R. App. P. 28(b)(6).

Here, plaintiff argues that "[t]he trial court erred in its grant of [defendant's] motion to dismiss pursuant to Rule 12(b)(1), because the [trial court's] subject matter jurisdiction encompassed the state law claims complained of[,]" and the trial court "had power to hear the UDTPA and negligent non-disclosure claims" along with the action to enjoin the

foreclosure sale. However, the trial court did not dismiss plaintiff's state law claims under the UDTPA, negligent non-disclosure, or foreclosure enjoinment on jurisdictional grounds, but rather dismissed only the claim that sought to "enforce a federal [consent] judgment out of the Federal District of Columbia[.]" On appeal, plaintiff does not mention the federal consent judgment, nor does he set forth legal arguments as to why the trial court had subject matter jurisdiction to enforce the federal consent judgment. Thus, we do not address the merits of this issue on appeal, and we treat it as abandoned. *See Viar v. N. Carolina Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (dismissing appeal where the arguments in appellant's brief in the Court of Appeals did not "address the issue upon which the [trial court's] conclusion of law was based.").

## b.) *Res Judicata*/Collateral Estoppel

Next, plaintiff argues that the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(6). We disagree.

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and

on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

Under the doctrine of *res judicata*, "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Williams v. Peabody*, ___ N.C. App. ___, ___, 719 S.E.2d 88, 92 (2011) (citation and quotations omitted). *Res judicata* also applies to "issues which could have been raised in the prior action but were not." *Clancy v. Onslow Cnty.*, 151 N.C. App. 269, 271-72, 564 S.E.2d 920, 923 (2002) (citation and internal quotation marks omitted). The party seeking to assert *res judicata* has the burden of establishing its elements. *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 679, 657 S.E.2d 55, 62 (2008). A party must show "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in

both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits" in order to prevail on a theory of *res judicata.* *Herring v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 188 N.C. App. 441, 444, 656 S.E.2d 307, 310 (2008) (citation and quotation omitted).

In the issue at bar, the determinative question is whether the petition and subsequent complaint have identical causes of action. The petition requested that the trial court cancel the foreclosure sale based on a failure of defendant to satisfy the elements of N.C. Gen. Stat. § 45-21.16(d) (2011). However, the complaint's causes of action consist of: 1.) a "TRO AND INJUNCTION" to preclude the foreclosure; 2.) "AGENCY AND NEGLIGENT NON DISCLOSURE" based on defendant's agents filing untruthful documents[;]" and 3.) "CHAPTER 75" UDTPA. Clearly, the causes of action in the complaint and the petition are not the same, and therefore plaintiff's complaint is not barred by *res judicata.*

However, plaintiff also contends that the complaint is not barred by the doctrine of collateral estoppel. We disagree.

Collateral estoppel bars re-litigation of issues determined in a prior suit if "(1) the earlier action resulted in a final judgment on the merits, (2) the issue in question is identical

to an issue actually litigated in the earlier suit, (3) the judgment on the earlier issue was necessary to that case and (4) both parties are either identical to or in privity with a party or the parties from the prior suit." *Bee Tree Missionary Baptist Church v. McNeil*, 153 N.C. App. 797, 799, 570 S.E.2d 781, 783 (2002) (citations omitted).

Here, the petition and complaint involved identical parties, and the petition resulted in a final judgment on the merits as Judge Pope concluded that plaintiff showed "no valid legal reason why the foreclosure should not proceed" and "[t]he [s]ubstitute [t]rustee was . . . entitled to foreclose or complete the foreclosure under the terms of the Deed of Trust." Furthermore, Judge Pope's ruling on the merits as to defendant being the true debt note owner was necessary to the resolution of the petition because plaintiff averred that defendant could not "satisfy two of the four prongs of NCGS [sic] 45-21.16(d) in order to maintain [the] foreclosure action." Those prongs require the party seeking to foreclose to be the holder of valid debt and have "the right to foreclose under the instrument[.]"

Thus, our inquiry is limited to whether the issue argued by plaintiff in the complaint was actually litigated in the earlier petition. The underlying issue presented by plaintiff in the

complaint is solely based on the assertion that defendant effectuated the foreclosure without being the true owner and holder of the debt note. In plaintiff's complaint, his first cause of action sought to enjoin the foreclosure because plaintiff "assert(s) that [he] never entered into any agreements with MERS with respect to the subject loan; nor did they bargain for or agree to be passed through a myriad of unrecorded assignments or the securitization of their note to the point *where the same has been so genuinely diluted that no one could ever tell who actually owns the corpus of the original note*." (emphasis added). Plaintiff further supported his first cause of action by stating that fraudulent documents were filed by defendant to foreclose property upon which they have no legal right, and actions by defendant "lulled" plaintiff into false sense of security with respect to who actually owns the loan. His second and third causes of action alleged "AGENCY AND NEGLIGENT NON DISCLOSURE" and 3.) "CHAPTER 75" UDTPA based on a theory that defendant's agents purposefully filed untruthful filings with this state by manipulating data and false reporting since defendant was not the owner of the debt note. The issue of who owned the note was conclusively established by Judge Pope in response to the petition as he concluded that "[defendant] is

the holder of the [n]ote sought to be foreclosed. The indorsment into the [defendant] from the prior [h]older was valid in all respects and signed by an officer of the previous [h]older. [Defendant] was in possession of the [o]riginal [n]ote at the [h]earing." Thus, plaintiff's complaint is barred by collateral estoppel because the issues raised therein simply attempt to re-litigate the issues already determined by Judge Pope in the prior petition.

## III. Conclusion

In sum, we do not address the merits of plaintiff's claim with regard to the trial court's grant of defendant's motion to dismiss pursuant to Rule 12(b)(1) because that argument is abandoned on appeal. Additionally, the trial court did not err in granting defendant's motion to dismiss under Rule 12(b)(6) because the doctrine of collateral estoppel bars plaintiff's complaint. Thus, we affirm the trial court's order.

Affirmed.

Judge McGEE and Judge HUNTER, Robert C., concur.

Report per Rule 30(e).