ROBERT A. GIBBS AND WIFE, MARY FRANCES GIBBS v. HERMAN WRIGHT AND WIFE, MYRTLE WRIGHT

No. 7228SC486

(Filed 14 March 1973)

1. **Easements §§ 1, 9— right to get water from spring — easement appurtenant to land conveyed**

   An easement in a deed stating that the grantors "agree for the party of the second part herein to get water by conveying the same from a spring above the tract" *is held* an easement appurtenant to the land conveyed, not an easement in gross amounting to no more than a personal license limited to the original grantee.

2. **Easements § 10— easement by deed — effect of oral agreement of predecessors in title**

   Where defendants' right to get water from a spring on plaintiffs' land was derived from the written and recorded deeds in their chain of title, their right was neither enlarged nor diminished by oral agreements entered into by predecessors in title to plaintiffs and defendants.

3. **Easements § 1— right to get water from "spring above the tract" — sufficiency of description**

   Easement in a deed granting the right "to get water by conveying the same from a spring above the tract, with no controlling privileges" is not so vague and indefinite as to make the attempted grant void for uncertainty, the parties themselves having had no difficulty in locating the "spring above the tract."

4. **Easements § 8— right to get water from spring — meaning of "with no controlling privileges"**

   The addition of the words "with no controlling privileges" to a grant of an easement "to get water by conveying the same from a spring above the tract" merely manifested the intention of the parties that the grantee was not given the exclusive control and use of the waters from the spring, but that the rights granted were to be exercised in such manner as would not interfere with the continuing right of the owners of the land upon which the spring was located also to obtain and use waters from the spring.

APPEAL by plaintiffs from *Thornburg, Judge,* 13 March 1972 Session of Superior Court held in BUNCOMBE County.

The parties submitted this civil action upon an agreed statement of facts, which may be summarized as follows:

In 1923 J. W. and J. H. Dovall, being the owners in fee of all the lands in controversy herein situated on Powers Road, Hazel Ward, Buncombe County, N. C., conveyed one acre thereof

to Willie Powers by recorded deed which contains the following words:

> "The parties of the first part herein also agree for the party of the second part herein to get water by conveying the same from a spring above the tract, with no controlling privileges."

Defendants are now the owners of the one-acre tract conveyed by said deed, having acquired title thereto in 1954 by recorded mesne conveyances, all of which refer to the above-quoted words in the deed from the Dovalls to Powers. Plaintiffs are now the owners of six acres of the original tract, having acquired title thereto in 1970 by recorded mesne conveyances from the Dovalls. Plaintiffs' six-acre tract adjoins defendants' one-acre tract on the west and south and contains the spring referred to above, which spring is near the western margin of Powers Road and is about 150 feet south of the common line between the parties. Paragraph 4 of the agreed statement of facts is as follows:

> "4. That Willie Powers and her Grantees got water from said spring with the consent and permission of the Dovalls and their Grantees by carrying it in buckets or pails, until about 1950 when Robert L. Hollifield and Clarence E. Garren entered into an oral agreement whereby Hollifield permitted Garren to put a pipe from said spring to his house on the condition that Garren would not let the water run at his house except when being actually used, so that the overflow from the spring would be available for watering Hollifield's cattle in his pasture, and on the further promise and agreement by Garren that he would take the pipe out whenever Hollifield told him to do so."

(In 1950 Hollifield was the owner of record of the tract on which the spring is located and is plaintiffs' immediate predecessor in title; in 1950 Garren was owner of record of the one-acre tract and is defendants' immediate predecessor in title.) On 19 July 1971 plaintiffs gave defendants written notice that after 20 days they would not be permitted to get water from said spring and notified defendants "not to trespass on the Gibbs property."

Based upon the agreed statement of facts, the court entered judgment making findings of fact as set forth in the agreed statement of facts, but omitting any finding with respect to

the matters set forth in paragraph 4 of the agreed statement of facts. The judgment also contained the following as findings of fact:

"4. That the easement granted to Willie Powers was in its nature an appropriate and useful adjunct of the land conveyed to the said Willie Powers.

"5. That the predecessors in title of Robert A. Gibbs and wife granted a duly recorded easement to the predecessors in title of Herman Wright and wife."

Upon these findings of fact, the court concluded as a matter of law that the words used in the deed from the Dovalls to Powers "constitute an easement appurtenant to the land conveyed to the said Willie Powers"; that plaintiffs "had due notice of the recorded easement granted by their predecessors in title"; and that "the language in the easement granted referring to 'no controlling privileges' relates to the manner in which the water is to be obtained and used and conveyed to the grantee the right to make any reasonable use of the said spring and its waters." Upon these conclusions, the court adjudged that defendants "be allowed to continue to obtain water from the spring located on the property of Robert A. Gibbs and wife, Mary Frances Gibbs, and that they be allowed to obtain and use the water from said spring in any reasonable manner." To the signing and entry of this judgment, plaintiffs excepted and appealed.

*M. John DuBose for plaintiff appellants.*

*Bruce A. Elmore, John C. Cheesborough and George W. Moore for defendant appellees.*

PARKER, Judge.

[1]  Appellants assign error to the trial court's conclusion that the right granted in the deed from the Dovalls to Powers to get water from the spring was an easement appurtenant to the land conveyed. They contend that on the contrary the right in question was in gross and amounted to no more than a personal license limited to the original grantee. We do not agree.

"Whether an easement in a given case is appurtenant or in gross depends mainly on the nature of the right and the intention of the parties creating it. If the easement is

in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the parties as to its use, and there is nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant and not an easement in gross. Easements in gross are not favored by the courts, however, and an easement will never be presumed as personal when it may fairly be construed as appurtenant to some other estate. If doubt exists as to its real nature, an easement is presumed to be appurtenant, and not in gross." 25 Am. Jur. 2d, Easements and Licenses, § 13, p. 427.

In the present case in our opinion the trial court correctly held that the right granted to get water by conveying the same from the spring constituted an easement appurtenant to the land conveyed to Powers. The fact that the words "heirs and assigns" were omitted after the words "party of the second part" in the sentence in which the right was granted does not control interpretation. G.S. 39-1; *Shingleton v. State,* 260 N.C. 451, 133 S.E. 2d 183. While the grant does not use the word "appurtenant," neither does it use the term "in gross." More significantly, it does not qualify the grantee's rights by the use of such terms as "personally" or "in person." Nothing indicates that the right to get water from the spring had any value apart from its exercise in connection with the use and occupancy of the one-acre tract conveyed. It is more reasonable to presume that the parties intended the right to be appurtenant to the land conveyed, for which purpose it had obvious value, than to presume they intended it to be personal to the grantee apart from her status as owner of the land conveyed, for which purpose it had no apparent value.

Appellants' assignments of error directed to findings of fact numbers 4 and 5 are also without merit. While, as appellants point out, these "findings of fact" were not included in the agreed statement of facts and while they are actually more in the nature of conclusions of law than strictly factual findings, correctly considered as conclusions of law, they are supported by the agreed statement of facts, and it is immaterial that they were incorrectly included under the heading of "findings of fact" in the judgment.

[2] Appellants' assignment of error directed to the trial court's failure to include in its judgment as a finding of fact any finding

with respect to the matters set forth in paragraph 4 of the agreed statement of facts is also without merit. Defendants' rights were derived from the written and recorded deeds in their chain of title, and their rights were neither enlarged nor diminished by the oral agreements entered into by precedessors in title to the present parties.

[3] Finally, appellants contend that the right granted "to get water by conveying the same from a spring above the tract, with no controlling privileges," is so vague and indefinite as to make the attempted grant void for uncertainty. We find this contention also without merit. We note that the parties themselves have had no difficulty in locating the "spring above the tract"; in their agreed statement of facts they locate it as being on plaintiffs' property and as being the spring "which is near the Western margin of Powers Road and is about 150 feet South of the common line" between the parties.

[4] The initial grant of the right "to get water by conveying the same from a spring above the tract" was general in its terms. "Where the grant or reservation of an easement is general in its terms, use of the easement includes those uses which are incidental or necessary to the reasonable and proper enjoyment of the easement, but is limited to those that burden the servient estate as little as possible." 25 Am. Jur. 2d, Easements and Licenses, § 74, p. 480. In our opinion, the addition of the words, "with no controlling privileges," to a grant otherwise general in its terms merely manifested the intention of the parties that the grantee was not given the exclusive control and use of the waters from the spring, but that the rights granted were to be exercised in such manner as would not unreasonably interfere with the continuing right of the owners of the land upon which the spring was located also to obtain and use waters from the spring.

We hold that the trial court was correct in its judgment that defendants "be allowed to continue to obtain water from the spring" located on the property of plaintiffs, "and that they be allowed to obtain and use the water from said spring in any reasonable manner." While it may be implied, for the sake of clarity the judgment appealed from should be modified to make clear that defendants' rights are nonexclusive of plaintiffs' con-

tinuing rights also to make reasonable use of the spring. As so modified, the judgment appealed from is affirmed.

Remanded for judgment.

Judges VAUGHN and GRAHAM concur.