PAUL R. WATERS AND WIFE, ALMA M. WATERS, AND WACHOVIA BANK
AND TRUST COMPANY, N.A., TRUSTEE UNDER THE WILL OF JAMES
A. TINGLE, DECEASED v. NORTH CAROLINA PHOSPHATE CORPORA-
TION, DAVID B. ALLEMAN AND WIFE, RUTH G. ALLEMAN, AND
ELIZABETH KEYS ALLEMAN WHEELER (DIVORCED)

No. 182PA83

(Filed 6 March 1984)

**1. Easements § 5.1 — apparent and visible easements**

The doctrine of apparent and visible easements is a method used to create
easements.

**2. Easements § 4; Registration § 3.1 — recording of easement by grant — validity
against purchasers for value**

Where an easement by grant is properly recorded, its validity against
purchasers for value exists by reason of the recordation, not because it is vis-
ible from an inspection of the premises. G.S. 47-27.

**3. Easements § 5 — express grant of easement — no implied easement**

The express granting of an easement negatives the finding of an implied
easement of similar character.

**4. Registration § 3.1 — recorded easements — effect on grantees**

Grantees take title to land subject to duly recorded easements imposed by
their predecessors in title.

**5. Vendor and Purchaser § 4 — conveyances of land with visible physical bur-
dens — inapplicability to easement by judgment**

The rule of conveyances of land with visible physical burdens was inap-
plicable to a power company easement created by a judgment in a condemna-
tion action which was properly recorded in the office of the clerk of superior
court.

**6. Vendor and Purchaser § 4 — power easement across land — right to reject deed
for encumbrance**

Under a contract to convey land which required the land to be conveyed
subject to no encumbrances not satisfactory to the buyer, the buyer had a
right to reject the tendered deed because of the existence of a power
company's recorded judgment granting it an easement across the property for
a high voltage transmission line, since the easement constituted an encum-
brance in that it materially affected or interfered with the full use or enjoy-
ment of the land.

ON discretionary review of the decision of the Court of Ap-
peals, 61 N.C. App. 79, 300 S.E. 2d 415 (1983), affirming judgment
entered 6 October 1981 by *McKinnon, J.*, Superior Court, PAM-
LICO County. Heard in the Supreme Court 3 October 1983.

This appeal arises from a contract to convey real property executed by plaintiffs and North Carolina Phosphate Corporation (hereinafter Phosphate) on 30 October 1974. Plaintiffs filed this lawsuit on 30 April 1975 seeking specific performance of the contract. The property contained approximately 1,712 acres in Pamlico County. Phosphate alleges in its answer that the title to the property is not marketable and not in accord with the conditions of the contract.

Originally, the defendants Alleman alleged an interest in the property, but this was resolved against them by summary judgment on 9 April 1976. This action was affirmed by the Court of Appeals. *Waters v. Phosphate Corp.*, 32 N.C. App. 305, 232 S.E. 2d 275, *disc. rev. denied*, 292 N.C. 470 (1977). This appeal did not affect the rights of plaintiffs and Phosphate inter se.

At the first trial of the action between the present parties, a motion for directed verdict was granted for Phosphate. On appeal, the Court of Appeals reversed and remanded the case for a new trial. *Waters v. Phosphate Corp.*, 50 N.C. App. 252, 273 S.E. 2d 517, *disc. rev. denied*, 302 N.C. 402 (1981).

At the trial presently under review, the parties waived trial by jury, and after considering the evidence Judge McKinnon found facts and conclusions of law and entered judgment for the defendant Phosphate. Upon appeal to the Court of Appeals, the judgment was affirmed. This Court allowed discretionary review.

*Gaylord, Singleton, McNally & Strickland, by Louis W. Gaylord, Jr. and Danny D. McNally, for plaintiff appellants.*

*Sumrell, Sugg & Carmichael, by Fred M. Carmichael and Rudolph A. Ashton III, for North Carolina Phosphate Corporation, defendant appellee.*

MARTIN, Justice.

At the outset, we note that care must be taken to distinguish the doctrine of apparent and visible easements from the rule of conveyances of real property containing physical burdens upon the land, permanent in character and known to the vendee.

[1] The doctrine of apparent and visible easements is a method used to create easements. Easements can be created in at least

nine ways, including the use of the doctrine of apparent and visible easements. *Davis v. Robinson*, 189 N.C. 589, 127 S.E. 697 (1925); 1 Mordecai Law Lectures 464 (1916). The application of the doctrine is fully discussed in *Packard v. Smart*, 224 N.C. 480, 31 S.E. 2d 517 (1944), and *Ferrell v. Trust Co.*, 221 N.C. 432, 20 S.E. 2d 329 (1942). The doctrine is not applicable to the facts of this appeal.

The rule of conveyances of land with visible physical burdens is expressed in 77 Am. Jur. 2d *Vendor and Purchaser* § 222 (1975):

> General contracts to convey land, giving a title in fee, or free and clear of all encumbrances, or similar covenants, are generally held not to refer to visible physical burdens upon the land, permanent in character, known to the vendee. In the ordinary case the vendee is presumed to have contracted to accept the land subject to visible easements of an open and notorious nature, although it would seem that the circumstances may be such as to repel this presumption. This rule also applies to matters which a vendee should have known, or ascertained by a reasonable investigation.

> It seems that the rule that an agreement to convey land free and clear of encumbrances does not refer to visible physical burdens upon the land, permanent in character, will not be applied, in the absence of evidence to show that the vendee knew of their existence.

The purpose of this rule is to place the vendee on notice of the physical burden or easement on the property. If the physical burden or right-of-way was created or authorized by a grant of easement which is properly recorded, the reason for the rule no longer exists because the vendee then has legal notice, either actual or constructive, of the existence of the burden or easement.

The rule of conveyances of land with visible physical burdens has been applied by this Court in *Goodman v. Heilig*, 157 N.C. 6, 72 S.E. 866 (1911) (The Court took judicial notice of the "great public highway" of the North Carolina Railroad, running from Goldsboro to Charlotte); *Tise v. Whitaker-Harvey Co.*, 144 N.C. 508, 57 S.E. 210 (1907) (public highway in the city of Winston); *Ex Parte Alexander*, 122 N.C. 727, 30 S.E. 336 (1898) (Western N.C.

Railroad on right-of-way granted by predecessor in title). None of these cases involved a suit for specific performance but concerned breaches of warranty against encumbrances. All of the North Carolina cases disclosed by our research involve easements of a public nature, such as highways or railroads. Here, we are concerned with a private easement.

We note that in *Light Co. v. Bowman,* 228 N.C. 319, 45 S.E. 2d 531 (1947), the facts would have supported an argument for the application of this rule. Plaintiff sought to enjoin defendants from interfering with its alleged easement. The easement was similar in character to the one in the case at bar: It was a high voltage transmission line, strung on steel towers. The plaintiff had similar rights of ingress to the right-of-way for maintenance and protection of the installation. Defendants contended that plaintiff did not have an enforceable easement because it was not recorded pursuant to N.C.G.S. 47-27 and that they were bona fide purchasers for value. In rebuttal of this argument, plaintiff offered evidence that its easement was acquired by judgment in a condemnation action which was filed in the office of the clerk of superior court in the county where the subject land lies. The judgment was not recorded in the office of the register of deeds. The Court held that plaintiff was not required to record its judgment in the registry as such easements were expressly excepted from the requirements of the statute. The recording and indexing of the judgment in the office of the clerk of superior court provided legal notice. In *Light Co.,* neither counsel nor the Court argued or referred to the rule of conveyances of land subject to visible physical burdens. Although the rule could arguably have supported plaintiff's position, counsel argued and the Court decided the case on recording principles.

[2-4] Where an easement by grant is properly recorded, as in the case at bar, its validity against purchasers for value exists by reason of the recordation, not because it is visible from an inspection of the premises. N.C. Gen. Stat. § 47-27 (Cum. Supp. 1983). The express granting of an easement negatives the finding of an implied easement of similar character. 25 Am. Jur. 2d *Easements* § 24 (1966). Grantees take title to land subject to duly recorded easements imposed by their predecessors in title. *Borders v. Yarbrough,* 237 N.C. 540, 75 S.E. 2d 541 (1953). The law contemplates that a purchaser of land will examine each recorded deed and oth-

er instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination of the title would disclose. *Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1 (1973).

The easement in the present case was created by grant. As the result of a condemnation action brought by Carolina Power and Light Company seeking a right-of-way over the subject property, a judgment was entered 24 July 1967 granting to Carolina Power and Light Company an easement across the property. This judgment is recorded in the office of the Clerk of Superior Court of Pamlico County and in Book 147, at page 341, of the office of the Register of Deeds. An easement by grant may be created by judgment. *Yount v. Lowe,* 288 N.C. 90, 215 S.E. 2d 563 (1975); *Miller v. Teer,* 220 N.C. 605, 18 S.E. 2d 173 (1942).

[5] The rule of conveyances of land with visible physical burdens is not applicable to the present case, and the trial court and the Court of Appeals erred insofar as they relied upon it. Therefore, it is not necessary for us to decide whether the rule applies to contracts to convey land as distinguished from suits for breach of warranty against encumbrances. We express no opinion on this question.

[6] This case turns upon the question of whether under the terms of the contract Phosphate had the right to reject the tendered deed because of the existence of the easement across the property. We hold that it did.

Phosphate admitted the existence of the contract to purchase the property in question. That contract contains the following:

QUALITY OF TITLE. At the closing, SELLERS shall deliver to the BUYER a properly executed and recordable general warranty deed, prepared by the SELLERS with a description satisfactory to BUYER prepared according to the perimeter survey and plot hereinabove mentioned and subject to the approval of BUYER's counsel, bearing sufficient documentary stamps, and conveying to BUYER an indefeasible fee simple and marketable title to the above described property. It is specifically understood and agreed that this property shall be conveyed subject to no encumbrances not satisfactory to BUYER, and that the same shall convey indefeasible fee simple

and marketable title in and to any and all mineral rights within the perimeter of said property. It is understood that the BUYER shall accept the conveyance of said property subject to 1975 ad valorem taxes.

The recorded judgment grants to Carolina Power and Light Company an easement of right-of-way almost straight north and south for about 8,550 feet across the subject property, being located adjacent to the western boundary line of the property. The right-of-way is one hundred feet wide and contains 19.63 acres; it has been cleared by Carolina Power and Light Company and large H-towers have been erected on it carrying five transmission lines. It has been maintained in substantially the same condition since it was constructed. The easement grants Carolina Power and Light Company the right to go to and from the right-of-way at all times over the subject property at reasonably convenient places, including private roads and ways, on foot or by conveyance, with materials, machinery, and supplies as may be desirable to construct, inspect, and maintain the transmission lines. The grantee has the right to clear and keep clear the right-of-way strip and to cut in its discretion any tree likely to endanger the lines. The owners of the fee have the right to use the land within the right-of-way for all purposes not inconsistent with the rights of the power company.

The Carolina Power and Light Company easement is a private easement as distinguished from a public easement. It is not attached to any dominant estate of the power company. It is an easement in gross for the benefit of Carolina Power and Light Company, its successors and assigns, and not the general public. *Shingleton v. State,* 260 N.C. 451, 133 S.E. 2d 183 (1963). A private right-of-way over land subject to a contract to sell constitutes such a burden upon the land that the vendee is under no obligation to accept title subject to the easement. 77 Am. Jur. 2d *Vendor and Purchaser* § 224 (1975). It is to be remembered that this is a high voltage transmission line, not a distribution line, and serves no beneficial purpose to the land it crosses.

An easement which materially affects or interferes with the full use or enjoyment of the land constitutes an encumbrance. 77 Am. Jur. 2d *Vendor and Purchaser* § 221 (1975). Phosphate, anticipating that an examination of the title to the property might

disclose such encumbrances, protected itself in the contract of purchase. The contract expressly states: "It is specifically understood and agreed that this property shall be conveyed subject to no encumbrances not satisfactory to BUYER . . . ." While the grammar used by the draftsman leaves much to be desired, the intent of the parties is plain and unambiguous: Phosphate was not required to buy the property subject to an encumbrance which was not satisfactory to Phosphate. When the deed was tendered to Phosphate, it objected to the encumbrance of the Carolina Power and Light Company easement and rejected the deed for that reason. Where a contract contains a stipulation that the property is to be conveyed free and clear of easements or other encumbrances, the fact that at the time the contract was entered into there were encumbrances of record against the property is immaterial. *Id.* § 120.

Judge McKinnon found that Phosphate intended using the property for phosphate mining. To do so, it was necessary to assemble the tract with other lands in order to have sufficient property for mining. The obstruction of the easement along the western border of the property would be a detriment to assemblage along that border. He also found that the easement was a detriment to the use of the land for phosphate mining and constituted an encumbrance that was not satisfactory to Phosphate and that it interfered with its right of exclusive possession. We hold that the easement in favor of Carolina Power and Light Company would have materially affected and interfered with the full use and enjoyment of the property by Phosphate. *See generally id.* § 224. Phosphate had the right under its contract to refuse to purchase the property for this reason.

Plaintiffs contend that the trial court erred in allowing into evidence the judgment granting the easement to Carolina Power and Light Company. This argument must fail because the plaintiffs, not the defendants, introduced the judgment into evidence. The case was tried by the court without a jury. After considering the evidence and arguments of counsel, the court entered judgment finding facts and making conclusions of law. Plaintiffs argue that the findings relative to the Carolina Power and Light Company easement are not supported by the evidence because the judgment granting the easement was improperly admitted as evidence. As just stated, this argument falls. The challenged findings

are supported by the evidence. The findings in turn support the conclusions of law, except those with respect to the applicability of the rule of conveyances of land subject to visible physical burdens, and the conclusions support the judgment in the case. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974).

The decision of the Court of Appeals is

Modified and affirmed.