WILLIAM R. BROWN, II, Plaintiff v. WEAVER-ROGERS ASSOCIATES, INC.; DOUGLAS W. JONES AND WIFE, DEBORAH G. JONES; GARY D. HELTON AND WIFE, NANCY BAUER HELTON; HUI-MING SUN AND WIFE, MEEI-ING SUN; PAUL V. PICKERING AND WIFE, ALLISON D. PICKERING; DONALD A. FARRELL AND WIFE, CECILIA M. FARRELL; GLORIA J. KOCH; JOHN SNIDER WILKINS AND WIFE, PATRICIA M. WILKINS; MAHMOUD R. HUSEIN AND WIFE, IBTISAM HUSEIN; HAL WADE INGRAM AND WIFE, CAROL STRANGE INGRAM; BRUCE ALLEN HUFFMAN AND WIFE, KATHRYN ELLEN HUFFMAN; TERRELL R. BROOKS; ROBERT JOSEPH METCALF AND WIFE, JEAN C. METCALF; GILBERT K. LYTTLE AND WIFE, TERRY C. STERLING; ALI GHODDOUSSI AND WIFE, AZAR GHODDOUSSI; HERBERT E. FOREMAN AND WIFE, MARGARET V. FOREMAN; PAUL DAVID HAWKINS AND WIFE, DANIELLE D. HAWKINS, Defendants

No. COA97-1413

(Filed 6 October 1998)

### Easements— appurtenant—dominant estate not located—extrinsic evidence

The trial court erred by concluding that a deed of easement was ineffectual and void because it contained no description of a dominant estate where the stipulated facts contained extrinsic evidence which clearly pointed to the dominant estate. Extrinsic evidence may be considered in locating the dominant estate when the deed of easement clearly describes the easement itself and the servient estate.

Appeal by plaintiff and defendants Ghoddoussi from judgment and order entered by Judge Narley L. Cashwell in Wake County Superior Court on 27 May 1997. Heard in the Court of Appeals 26 August 1998.

*Michael W. Strickland & Associates, P.A., by Nelson G. Harris, for plaintiff-appellant and defendant-appellants Ghoddoussi.*

*Burns, Day & Presnell, P.A., by Lacy M. Presnell, III, and Susan F. Vick; Higgins, Frankstone, Graves & Morris, by Thomas D. Higgins, Jr., for defendant-appellees Sun.*

*W. Hugh Thompson for defendant-appellees Jones.*

*Boxley, Bolton & Garber, by Ronald H. Garber, for defendant-appellees Pickering.*

BROWN v. WEAVER-ROGERS ASSOC.

[131 N.C. App. 120 (1998)]

MARTIN, John C., Judge.

Plaintiff brought this action seeking a declaration of his rights under a purported deed of easement. Plaintiff alleged that he has the right, pursuant to the deed of easement, to open a public thoroughfare across lots, located in Stone Creek Subdivision (Stone Creek), which are owned by some of the defendants. Answers filed on behalf of various defendants included affirmative defenses alleging termination, abandonment, and withdrawal of the easement, as well as champerty and maintenance.

The parties agreed that the trial court should determine the issue of the validity of the deed of easement, before proceeding with a trial upon the issues raised by the affirmative defenses. The matter was submitted upon stipulated facts and documents which, as pertinent to the issues raised by this appeal, show that Quinton J. Kelly and his wife, Willie H. Kelly, executed the original deed of easement to Joe S. Jones, Jr., on 13 March 1970. The Kellys owned land which was eventually subdivided into lots within Stone Creek; Jones owned an adjacent tract which was also subdivided into lots. Pursuant to the language of the deed of easement, the Kellys granted:

> unto Joe S. Jones, Jr., his heirs and assigns, the right, privilege and easement, now and hereafter to construct, improve, inspect, maintain and repair a roadway, which shall be a public thoroughfare, upon and across . . .

a forty (40) foot strip of land which is specifically described by metes and bounds in the deed of easement as follows:

> Beginning at a point in the center line of SR 1844, a corner with Lowery, and running thence South 3 degrees 00' 2191.71 feet to a stake on the east side of Still Creek; running thence North 89 degrees 15' West 40 feet to a point; running thence North 3 degrees 00' East 2191.71 feet to a point in the center line of SR 1844; and running thence with said center line of said road South 80 degrees East 40 feet to the point of Beginning, and being a forty-foot strip along the easternmost line of the tract of land conveyed by Minton Lowery to Quinton J. Kelly and wife, Willie H. Kelly, by deed recorded in Book 1810, page 423, as corrected by Deed of Correction in Book 1857, Page 629, all in Wake County Registry.

The easement appears upon the plat of Stone Creek subdivision, recorded in Book of Maps 1972, Page 425, Wake County Registry and

upon the plat of the Property of Joe S. Jones, Jr., recorded in Book of Maps 1986, Page 524, Wake County Registry. The easement, shown as a "40' Access Easement" on the Stone Creek plat, crosses the eastern portions of nine lots located within Stone Creek; it is adjacent to an additional twenty foot strip shown on the Jones plat so as to provide a sixty foot right of way adjacent to the western boundaries of Lots 1-10 of the Jones subdivision.

Plaintiff is a successor in title to Joe S. Jones, Jr., having purchased lot 1 in the Jones subdivision on 16 August 1994. Defendants are the record owners of lots in the Stone Creek subdivision which are affected by the purported easement, as well as the record owners of lots 2-10 of the Jones subdivision.

The trial court found the facts to be as stipulated and concluded that because the deed of easement did not contain a description of a dominant estate, it was "ineffectual and void." The trial court entered a final judgment declaring the deed of easement to be of no force and effect and "a burden on no land." Plaintiff and defendants Ghoddoussi gave notice of appeal.

Appellants contend the trial court erred in concluding that the deed of easement is ineffectual and void, because it contains no description of a dominant estate. While it is true that deeds of easement must reasonably identify the easement, the servient and the dominant tenements, we hold that extrinsic evidence may be considered in locating the dominant estate when the deed of easement clearly describes the easement itself and the servient estate. In this case, the stipulated facts contained extrinsic evidence which clearly point to the property in the Jones Subdivision as the dominant estate; thus, the trial court erred in nullifying the deed of easement for its failure to locate the dominant estate.

Deeds of easement are construed according to the rules for construction of contracts so as to ascertain the intention of the parties as gathered from the entire instrument at the time it was made. *Higdon v. Davis*, 315 N.C. 208, 337 S.E.2d 543 (1985). When "there is any doubt entertained as to the real intention," the court should construe the deed of easement with "reason and common sense" and adopt the interpretation which produces the usual and just result. *Hine v. Blumenthal*, 239 N.C. 537, 547, 80 S.E.2d 458, 466 (1954); *Hundley v. Michael*, 105 N.C. App. 432, 435, 413 S.E.2d 296, 298 (1992).

An easement appurtenant is a right to use the land of another, i.e., the servient estate, granted to one who also holds title to the land benefitted by the easement, i.e., the dominant estate. Webster, *Real Estate Law in North Carolina* §§ 15-3, 15-4 (1994). The easement attaches to the dominant estate and passes with the transfer of the dominant estate as "an appurtenance thereof." *Shingleton v. State*, 260 N.C. 451, 454, 133 S.E.2d 183, 185 (1963). It cannot exist apart from the dominant estate. *Id.* If an easement is created without a dominant estate, it is known as an "easement in gross" and is a purely personal license granted to use the land of another; it is not appurtenant to any land and usually ends with the death of the grantee. *Waters v. North Carolina Phosphate Corp.*, 310 N.C. 438, 443, 312 S.E.2d 428, 433 (1984); *Shingleton, supra; Gibbs v. Wright*, 17 N.C. App. 495, 195 S.E.2d 40 (1973). Once an easement appurtenant is properly created, it runs with the land and is not personal to the landowner. *Yount v. Lowe*, 288 N.C. 90, 215 S.E.2d 563 (1975); *Wiggins v. Short*, 122 N.C. App. 322, 469 S.E.2d 571 (1996); *Gibbs, supra.*

> 'Whether an easement in a given case is appurtenant or in gross depends mainly on the nature of the right and the intention of the parties creating it. If the easement is in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the parties as to its use, and there is nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant and not an easement in gross. Easements in gross are not favored by the courts, however, and an easement will never be presumed as personal when it may fairly be construed as appurtenant to some other estate. If doubt exists as to its real nature, an easement is presumed to be appurtenant, and not in gross.'

*Gibbs*, at 497-98, 195 S.E.2d at 42-43 (quoting 25 Am.Jur.2d, Easements and Licenses, § 13).

A reasonable interpretation of the deed of easement in this case shows the original parties intended an easement appurtenant rather than an easement in gross. Initially, we observe that the grant extended to Jones, "his heirs and assigns." The parties' use of these words indicates an intent that the grant was not personal to Jones, but would extend beyond the life of Jones and would run with the land. In addition, "[w]hile the grant does not use the word 'appurtenant,' neither does it use the term 'in gross.' More significantly, it

does not qualify the grantee's rights by the use of such terms as 'personally' or 'in person.' " *Gibbs* at 498, 195 S.E.2d at 43.

Moreover, when an easement is granted for a public use, rather than a personal use, an easement appurtenant is intended. *Waters*, at 443, 312 S.E.2d at 433 ("It is an easement in gross for the benefit of Carolina Power and Light Company, its successors and assigns, and not the general public."). Nothing in this grant of easement indicates the easement is limited to the personal use of Jones. In fact, the purpose of the easement as stated in the deed is for a "public thoroughfare" rather than personal use. Given the express scope and location of the easement found in the deed, "[i]t is more reasonable to presume that the parties intended the right to be appurtenant to the land conveyed, for which purpose it had obvious value, than to presume they intended it to be personal to the grantee apart from her status as owner of the land conveyed, for which purpose it had no apparent value." *Gibbs* at 498, 195 S.E.2d at 43. Thus, we hold the clear intent of the deed of easement was to create an easement appurtenant.

When granting an easement appurtenant, "[t]he instrument must identify with reasonable certainty the easement created and the dominant and servient tenements." *Oliver v. Ernul*, 277 N.C. 591, 597, 178 S.E.2d 393, 396 (1971); *Borders v. Yarbrough*, 237 N.C. 540, 75 S.E.2d 541 (1953). Relying on this language, defendants contend a deed of easement is null and void when it fails to specifically describe the dominant tract. We disagree.

Where there is sufficient reference in the deed itself to extrinsic evidence resolving an ambiguity, the latent ambiguity may be resolved by parol evidence. *Allen v. Duvall*, 311 N.C. 245, 316 S.E.2d 267 (1984) (Use of roads created by grant of easements by plaintiffs' predecessors in title, acquiesced in by defendants' predecessors in title of the servient estate, sufficiently located roads on the ground, so as to remove latent ambiguity in grant instrument.); *Thompson.v. Umberger*, 221 N.C. 178, 19 S.E.2d 484 (1942); *Carson v. Ray*, 52 N.C. 609 (1860) (extrinsic proof may be insufficient to remove a patent ambiguity, where "the subject-matter of the grant or devise is so uncertain that there is nothing described to which any proof can apply").

In particular, where the deed of easement clearly describes the location of the easement and the servient estate, this Court has held the lack of a clear description of the dominant estate to be a latent, rather than a patent, ambiguity. *Cochran v. Keller*, 84 N.C. App. 205,

352 S.E.2d 458 (1987); *appeal after remand,* 89 N.C. App. 469, 366 S.E.2d 602 (1988), *disc. review denied,* 322 N.C. 605, 370 S.E.2d 244 (1988). "A latent ambiguity 'will not be held to be void for uncertainty but parol evidence will be admitted to fit the description to the thing intended.' " *Id.* at 212, 352 S.E.2d at 463. In *Cochran,* the deed of easement was "sufficiently certain to permit location of the easement itself and the servient tract;" but an ambiguity existed as to whether the parties intended to benefit all of the lands then owned by the grantee or just one parcel. Rather than nullify the easement as void for vagueness, the Court held that parol evidence was admissible upon the issue of which property the parties intended to benefit by the easement. *Id.* at 211-12, 352 S.E.2d at 462-63.

In the present case, the deed of easement did not expressly refer to the Jones land as the dominant estate. However, the location of the easement itself and the servient estate were clear on the face of the deed. There was abundant extrinsic evidence, including the location of the grantee's property in relation to the easement as described by the deed, as well as the subsequently recorded maps of the respective properties, indicating the intent of the parties to create an easement appurtenant to the Jones land. Under such circumstances, the trial court should have considered the extrinsic evidence to resolve the latent ambiguity as to the identity of the dominant tract, and it erred in its conclusion that the deed of easement was void because it contained no description of the dominant estate. Accordingly, the judgment declaring the deed of easement to be of no force and effect is reversed and this case is remanded to the trial court for further proceedings to resolve the issues raised by defendants' affirmative defenses.

Reversed and remanded.

Judges LEWIS and WALKER concur.