**BARTON v. WHITE**

[173 N.C. App. 717 (2005)]

JACK L. BARTON AND RUBY M. BARTON, PLAINTIFFS V. SUE PERRY WHITE AND EARL RAY GODFREY, D/B/A SONNY GODFREY, DEFENDANTS

No. COA04-1604

(Filed 18 October 2005)

**Easements— appurtenant—ownership—summary judgment**

The trial court did not err by granting summary judgment in favor of defendants in an action regarding ownership of an easement appurtenant in the grassy strip of land along the southwestern edge of plaintiffs' property on Lot 58, because the instant plat cannot, as a matter of law, demonstrate an intent by the grantor to create a road on the sixty-foot-wide strip of land when: (1) the plat merely shows an unmarked oblong space sixty feet wide between lots 57 and 58; and (2) there are no express words or other unambiguous indicia that the strip was intended to depict a road, public or private.

Appeal by plaintiffs from judgment entered 1 September 2004 by Judge J. Richard Parker in Perquimans County Superior Court. Heard in the Court of Appeals 13 September 2005.

*Holt York McDarris & High, L.L.P., by Bradford A. Williams, and W. Hackney High, Jr., for plaintiffs-appellants.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by L. Phillip Hornthal, III for defendant-appellee Sue Perry White.*

*The Twiford Law Firm, P.C., by David R. Pureza, for defendant-appellee Earl Ray Godfrey, d/b/a Sonny Godfrey.*

LEVINSON, Judge.

Plaintiffs (Jack L. Barton and Ruby M. Barton, husband and wife) appeal from an order granting summary judgment in favor of defendants. We affirm.

Plaintiffs are the owners of property in the Carolina Shores subdivision in Perquimans County, North Carolina. On 3 October 2003 plaintiffs filed suit against defendants. Their complaint alleged an interest in an easement appurtenant over a sixty-foot wide grassy strip of land adjoining their property. The strip of land was owned by defendant Sue Perry White. Plaintiffs sought damages and injunctive relief. The disputed area is depicted in a plat, recorded in Plat

**BARTON v. WHITE**

[173 N.C. App. 717 (2005)]

Book 4, page 43 with the Perquimans County Register of Deeds, and filed 21 October 1965. The plat depicts the layout of Section B of the Carolina Shores subdivision, comprising Lots 53 through 61. This plat is reproduced below in its entirety:

Plaintiffs purchased Lot 58 from Julian White, defendant Sue White's father, in 1995. Plaintiffs' deed to Lot 58 references the recorded plat. As illustrated on the plat, between Lots 57 and 58, there is an unmarked open space sixty feet wide. The unmarked strip of land runs along the southwestern edge of Lot 58. The strip of land was not conveyed with Lot 58, and the deed to Lot 58 does not include an easement or other interest in the unmarked strip running with the land. There is no contention that the unmarked strip was ever sold by Julian White. It is currently owned by defendant Sue White. There is no contention by plaintiffs that their interest in the strip depends, in part, on the right of access that may or may not necessarily arise for the benefit of the Lot 61 owners.

**BARTON v. WHITE**

[173 N.C. App. 717 (2005)]

The unmarked strip of land is covered with grass and low-lying vegetation. While the Godfrey defendants, who are tenant-farmers, do not claim any ownership interest in the strip, they use the same to gain access to the White properties. Plaintiffs have also used the grassy strip to access Lot 58. While Julian White was alive, he gave plaintiffs express permission to use the grassy strip and to lay a culvert along a drainage ditch within the strip so that plaintiffs could drive vehicles from the strip onto Lot 58. According to plaintiffs, Julian White told Jack Barton, "[G]o ahead and put your driveway there. And just keep the grass and weeds cut." For seven years plaintiffs mowed the strip and used it to access their driveway. Julian White died in 2000.

In 2002, the Godfrey defendants erected "No Trespassing" signs along the grassy strip and removed plaintiffs' culvert from the drainage ditch. When one of the plaintiffs complained of Godfrey's actions to Sue White, she responded, "Well we have decided to leave things as they are."

Plaintiffs sued to enjoin defendants from hindering their use of their easement in the grassy strip and for damages for the removal of their culvert. Defendants moved for summary judgment. The trial court entered an order granting defendants' motion. From this order, plaintiffs appeal.

---

On appeal, plaintiffs contend that they own an easement appurtenant in the grassy strip of land along the southwestern edge of their property, Lot 58. Plaintiffs claim the easement affords them ingress and egress to their lot. However, they do not claim that their only access to Lot 58 is over the grassy strip. Lot 58, in fact, fronts Winslow Road. Although the deed to plaintiffs land is silent as to the alleged easement, plaintiffs argue they acquired the easement by purchasing Lot 58 in reliance on the recorded plat to Section B of the Carolina Shores subdivision. Plaintiffs' central contention is that, because the plat itself raises a material issue of fact concerning the existence of a road along the strip, the trial court erred by granting summary judgment in favor of defendants. We disagree.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). "All infer-

ences are to be drawn against the moving party and in favor of the opposing party. Likewise, on appellate review . . . the evidence·is considered in the light most favorable to the nonmoving party." *Garner v. Rentenbach Constructors, Inc.* 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999) (internal quotation marks and citations omitted). Summary judgment is proper where "the only issue remaining is purely a legal one[.]" *G.E. Capital Mortg. Servs., Inc. v. Neely,* 135 N.C. App. 187, 190, 519 S.E.2d 553, 555 (1999).

> An easement appurtenant is a right to use the land of another, i.e., the servient estate, granted to one who also holds title to the land benefitted by the easement, i.e., the dominant estate. The easement attaches to the dominant estate and passes with the transfer of the dominant estate as an appurtenance thereof. . . . Once an easement appurtenant is properly created, it runs with the land and is not personal to the landowner.

*Brown v. Weaver-Rogers, Assoc., Inc.,* 131 N.C. App. 120, 123, 505 S.E.2d 322, 324 (1998) (citation omitted).

An easement appurtenant in a road of a subdivision may be created through the purchase of a deed referencing the recorded plat of the subdivision:

> It is well settled in this State that when an owner of land has it subdivided and platted into streets and lots and thereafter sells a lot by reference to the plat, nothing else appearing the purchaser acquires the right to have the streets shown on the plat kept open for his reasonable use.
>
> In a strict sense it is not a dedication, for a dedication must be made to the public and not to part of the public. It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished or diminished except by agreement or estoppel. This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots.

*Finance Corp. v. Langston,* 24 N.C. App. 706, 710-11, 212 S.E.2d 176, 179 (1975) (internal quotation marks and citations omitted). "The basis of this right is *estoppel in pais,* viz.: it would be fraudulent to allow the owner to resume private control over such streets and parks." *Oliver v. Ernul,* 277 N.C. 591, 598, 178 S.E.2d 393, 397 (1971).

In *Harry v. Crescent Resources Inc.*, 136 N.C. App. 71, 80, 523 S.E.2d 118, 124 (1999), where the issue was whether landowners had an easement in certain small parcels, this Court held that, "the fact that the [unmarked] remnant parcels were depicted on the subdivision plat is not sufficient to demonstrate a clear expression of the intent of Crescent to grant an easement appurtenant to the plaintiffs."

Here, the material facts are undisputed. The plat was recorded prior to the purchase of Lot 58 by plaintiffs. The deed to Lot 58 references the plat but not the alleged easement. While the parties vigorously disagree about whether the plat demonstrates an intention on the part of Julian White to dedicate the strip as a public road, it is undisputed that neither the Department of Transportation, nor any other public authority, has ever accepted the same. *See Oliver*, 277 N.C. at 598, 178 S.E.2d at 396 ("A dedication without acceptance is merely a revocable offer and is not complete until accepted . . . . An acceptance must be made by some competent public authority, and cannot be established by permissive use.") (internal quotation marks and citation omitted).

Thus, according to the plaintiffs, the issue is whether the plat shows a "private access street" between Lots 57 and 58 upon which they have a "right of access." Guided by the discussion and holding in *Harry*, we conclude the plat does not raise a justiciable issue on this point, and that the superior court properly entered summary judgment in defendants' favor.

The plat merely shows an unmarked oblong space, sixty feet wide, between Lots 57 and 58. There are no express words or other unambiguous indicia that the strip was intended to depict a road, public or private. *See, e.g., Price v. Walker*, 95 N.C. App. 712, 383 S.E.2d 686 (1989) (holding that an easement appurtenant in roadway was created by the sale of lots in reference to a recorded map which clearly showed the path of "Pump Station Road" across the properties). In this case, "Winslow Road" is clearly drawn and marked as the same. And there is no common purpose or use specified on the plat for the strip. While Winslow Road has been used as a road for the property owners abutting the same, there has been no State acceptance and use of the strip at issue as a road. Lot 58 can be accessed by means of Winslow Road and, as defendants correctly observe, it is unclear why Julian White would intend to dedicate the strip for a road that, arguably, "does not go anywhere." We also observe that the northern end of the grassy strip, as illustrated on the plat, is open-

ended. Consequently, the extent to which this "road" would extend is left completely undefined. *See Stines v. Willyng, Inc.*, 81 N.C. App. 98, 344 S.E.2d 546 (1986) ("Park Property" expressly labeled as such on plat lacked boundaries with sufficient certainty to create a valid easement or dedication).

Relying only on the plat, plaintiffs suggest that because the only means of access to Lot 61 is through the grassy strip, Julian White must have intended to dedicate the strip as a road. The plat, however, does not definitively establish whether Lot 61 owners have means of access on the eastern edge of that property line. And, while no line was drawn across the southern edge of the sixty-foot strip, and the property might be an appropriate size and shape for use as a road, the plat does not raise a justiciable issue of whether the grantor intended to dedicate or otherwise transfer an interest in the property. We are, of course, concerned here with the transfer of property rights. "The free use of property is favored in our State. When there are doubts about the use to which property may be put, those doubts should be resolved in favor of such free use." *Harry v. Crescent Resources, Inc.*, 136 N.C. App. 71, 80, 523 S.E.2d 118, 124 (1999) (citing *Hullett v. Grayson*, 265 N.C. 453, 144 S.E.2d 206 (1965)). In short, the Carolina Shores plat at issue illustrates a strip of land lying between Lots 57 and 58 that remains an undivided part of the original, unsubdivided land owned by Julian A. White.

On these facts, the trial court correctly concluded that there is no genuine issue of material fact, and that the instant plat cannot, as a matter of law, demonstrate an intent by the grantor to create a road on the sixty-foot-wide strip of land. This assignment of error is overruled.

Plaintiffs' remaining assignments of error necessarily fail because they are largely based on their first assignment of error.

Affirmed.

Judges WYNN and CALABRIA concur.